UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE TENTH CIRCUIT

In re: SHERRY ANN MCGANN,

Debtor

SHERRY ANN MCGANN, Appellant

v.

JEANNE Y. JAGOW, Chapter 7 Trustee,
and Mr. David M. Miller of Spencer Fane LLP,

Appellee(s).

BAP No. CO-24-04 Bankr. No. 20-18118 TBM Chapter 7

---

**APPELLANT'S REPLY TO TRUSTEE'S RESPONSE BRIEF**

---

## I. Introduction

I, Sherry McGann, pro se appellant in the above-captioned case, hereby submit this Reply to the Trustee's Response Brief (BAP ECF No. 38). The Trustee's response contains numerous inaccuracies and fails to address the core issues of my appeal. My appeal focuses on the Trustee's misconduct, failure to settle the bankruptcy, and the unnecessary forced turnover, among other points.

This Response addresses the errors and misrepresentations made by the Trustee in their response to my brief.  I am forced to respond, again against my will, quickly due to the immense stress and prolonged suffering caused by this bankruptcy. The Trustee simply continues to ignore critical evidence and mislead the court, thereby prolonging this four-year ordeal unnecessarily.

## II. Misrepresentation of Settlement Offers

The Trustee falsely claims that I intended to pick and choose whom to repay, but the only individuals not being paid were disputed Claimant 11, directly related to the $144,883 judgment/order the Trustee did not collect, and the Trustee herself along with her unauthorized counsel[1]. Their claim is not supported by evidence. In fact, I have provided extensive evidence to the courts, including concrete evidence from an attorney costing over $2k to assure the Trustee and the bankruptcy court that the funds were immediately available ([Bankr. ECF No. 379, Exhibit 2, pgs. 30-33]; [BAP24-04 Appx. pgs. 842-845]. My affidavit confirming my ability and willingness to "pay all creditors immediately" has been ignored ([Bankr. ECF No. 379, Exhibit 3, pg. 36]; [BAP24-04 Appx. pg. 848]). The Trustee's ongoing pattern of ignoring allegations without providing evidence to the contrary is evident.

## III. Trustee's Lack of Evidence

The Trustee has consistently failed to provide any substantial evidence to counter my claims. If the Trustee had any evidence to refute my allegations, it would have been presented. Instead, the Trustee resorts to misrepresentations and diversionary tactics, such as the most recent filing regarding Mr. Frickey, which was based on hearsay and intended to harass and intimidate me ([Bankr. ECF No. 483]; response at [BAP24-04 and 07 ECF No. 37]).

## IV. Unjust Actions and Lack of Evidence

1. **Settlement Offers Ignored:** I provided evidence of my ability to settle all claims against the estate since March 2022. The Trustee refused my offer of $70,000 for administrative fees and instead demanded $380,000 without justification. I provided the same offer and

---

[1] Who were offered $70,000 in March of 2022 but instead demanded $380,000 and have held me using extortion and the court as their weapon.

proof in October 2023, yet the Trustee manipulated the facts to the new judge, stalling the bankruptcy for self-serving purposes.

The courts have been provided with concrete evidence from an attorney which cost over $2k in attempts to assure the trustee and the bankruptcy court the funds were immediately available [Bankr. ECF No. 379, exhibit 2, pgs.30-33] (BAP24-04 Appx. pgs. 842-845). In addition, my affidavit as to the ability and willingness to "pay all creditors immediately" is completely ignored. [Bankr. ECF No. 379, exhibit 3, pg.36] [BAP24-04 Appx. pg.848).

2. **Forced Turnover:** The forced turnover on February 28, 2024, yielded zero results and was a blatant act of harassment. The Trustee did not present any current photos or evidence from the turnover to justify her actions. The value of the property was already established ([Bankr. ECF Nos. 41, 125, and 263, pg. 8]), and the Trustee had permission to market the property in June 2023 but failed to do so. The Trustee's actions were solely intended to harass and intimidate me, causing significant emotional and financial harm.

3. **Manipulation of Property Value:** The Trustee manipulated the courts to secure a second evidentiary hearing on May 13, 2024, despite the property value being conclusively established at the first evidentiary hearing on May 3, 2022, by Judge Brown ([Bankr. ECF No. 263, pg. 8]). The Trustee's claim that the Grand Lake property is the most valuable asset is false; the Maui property, which she lost, was millions of dollars more valuable.

4. **Interference with Mortgage Payments:** The Trustee interfered with my ability to pay my mortgage to Cenlar, as documented in multiple filings, including [Bankr. ECF No. 404] with 131 pages of proof. This interference was unnecessary and exacerbated my

financial and emotional distress. The Trustee halted my ability to pay my mortgage to Cenlar, then misled the court into believing it was my doing.

For brevity, I am not including new correspondence and all exhibits again, but the brief and court docket comprehensively document these facts and I am willing to provide upon request. Common sense and public policy case law should be considered to highlight the ongoing abuse and the need for judicial intervention.

5. **Trustee's Reliance on Hearsay:** The Trustee's recent filing regarding Mr. Frickey's recanting testimony is a desperate attempt to distract from her mismanagement. Mr. Frickey's testimony and subsequent actions lack credibility and are based solely on hearsay. The Trustee should have verified his credibility before relying on his statements.

6. **Trustee's Manipulation and Delay Tactics:** The Trustee has consistently manipulated the court and used delay tactics to prolong the bankruptcy. The Trustee's repeated filings on non-issues like insurance are examples of her abuse of the judicial process.

7. **Emotional and Financial Harm:** The Trustee's actions have caused me significant emotional trauma and financial harm. The forced turnover, the failure to settle the bankruptcy, and the Trustee's ongoing harassment have negatively impacted my health and business. I demand compensation for these damages.

### V. Trustee's Breach of Fiduciary Duty

1. **Failure to Collect Judgment:** The Trustee's failure to collect the $144,883 judgment since 2020 and her interference with my ability to settle the bankruptcy demonstrate her mismanagement and bad faith.

2. **Global Agreements Outside Court Approval:** The Trustee entered into 'global agreements' with Claimants 13-16, contrary to the terms settled in [Bankr. ECF No. 93-1,

ECF Nos. 339 and 343]. These agreements were supposed to release all claims and allow me to refinance and retain my property, which never materialized.

3. **Lack of Accounting for the Hawaii Property:** The Trustee has never provided an accounting for the loss of the Hawaii property valued at over $4 million, with $1.3 million in sales proceeds and $250,000 in personal property that disappeared. This is a gross mismanagement of the estate's assets.

## VI. Public Policy and Constitutional Rights

The Trustee's actions not only violate my rights but also pose a broader threat to the integrity of the judicial system. The court's intervention is necessary to uphold public policy and ensure that bankruptcy proceedings are conducted fairly and justly. The ongoing litigation and the Trustee's abuse of power undermine the principles of justice and place undue strain on my mental and physical health.

## VII. Conclusion and Relief Sought

The Trustee's response to my brief is based on misrepresentations and lacks substantive evidence. The Trustee's actions over the past four years demonstrate a pattern of mismanagement, bad faith, and abuse of judicial resources. The court must take immediate action to address these issues, release me from this bankruptcy, and hold the Trustee accountable for her actions.

Based on the overwhelming evidence and legal precedents, I request the following relief:

1. **Dismissal of the Bankruptcy:** On the grounds of lack of jurisdiction and failure of the Trustee to manage the estate properly.

2. **Immediate Appointment of Counsel:** To ensure a fair legal process and address the complexities of the case. This has been requested numerous times in the District Court.

3. **Sanctions Against the Trustee:** For her misconduct and mismanagement and permission to seek damages against the United States Bond No.61241915

4. **Immediate Accounting and Reporting:** A detailed account of the Trustee's management of estate assets including but not limited to the Hawaii property and a DocuSign document I purportedly signed a redemption agreement simply giving away my 49% ownership while they (claimants 13-16) filed $1.6m in fake liens and deeds on my Grand Lake Property, reporting falsely to the bankruptcy court and ultimately making a 'global agreement' outside of the Settlement Agreement reached in the bankruptcy court [Banker ECF No. 93-1, No.339 and No. 343].

5. **Judicial Review and Intervention:** To prevent further abuses and ensure the proceedings are conducted with fairness and transparency.

6. **Recognition of My Efforts:** Acknowledgment of my repeated attempts to settle the bankruptcy and the Trustee's refusal to cooperate.

Respectfully submitted, July 9th, 2024

*Sherry McGann*
/s/ Sherry McGann
PO Box 2355
Grand Lake, CO 80447

**Certificate of Compliance with Rule 8015(h)**

I certify that this brief complies with the word limit requirements set forth in Rule 8015(h) of the Federal Rules of Bankruptcy Procedure. The total word count is [1526].

## Certificate of Service

I hereby certify that a copy of this response was served on all counsel of record and parties of interest in this case by EMAIL & ECF PACER COURT SYSTEM on this [July 9, 2024].

*Sherry McGann*

/s/ Sherry McGann